# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

|  |  |  |
|---|---|---|
| HY-TECH DIODE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 7:19-cv-00116-LSC |
| v. | ) | |
| | ) | |
| LUMILEDS HOLDING B.V., and | ) | |
| LUMILEDS MALAYSIA SDN. | ) | |
| BHD, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF OPINION AND ORDER

Plaintiff, HY-Tech Diode, LLC ("HY-Tech" or "Plaintiff"), brings this patent infringement action against Defendants Lumileds Holding B.V. ("Lumileds Holding") and Lumileds Malaysia SDN. BHD ("Lumileds Malaysia") (collectively, "Defendants"). Before the Court are Defendants' motions to dismiss for lack of personal jurisdiction and failure to state a claim upon which relief can be granted (docs. 24 & 25), and Defendants' motion to stay discovery (doc. 37). For the reasons stated below, Defendants' respective motions to dismiss (docs. 24 & 25) are due to be denied, and Defendants' motion to stay discovery (doc. 37) is due to be denied as moot.

# I.  BACKGROUND

HY-Tech is an Alabama limited liability company. HY-Tech is a subsidiary of Hong-Yuan Technology Co., Ltd. ("Hong-Yuan"), a Chinese company. HY-Tech was formed to commercialize a new manufacturing process for light-emitting diode ("LED") chips. HY-Tech is the assignee of U.S. Patent No. 7,749,038 ("'038 Patent"), the patent at issue in this case. HY-Tech is the sole owner of and has the exclusive right to sue for infringement of the '038 Patent.

Defendant Lumileds Holding is a corporation organized under the laws of the Netherlands, with its principal place of business in the Netherlands. Defendant Lumileds Malaysia is a subsidiary of Lumileds Holding organized under the laws of Malaysia, with its principal place of business in Malaysia.

In 2004, Yu-Chao Wu, the scientist who founded Hong-Yuan, developed a new process to manufacture LEDs. His process eliminated the old "cup" process's inability to produce LEDs with consistent light color and intensity. Mr. Wu began using his new process to produce and sell commercial LEDs. HY-Tech claims that the entire industry soon adopted Mr. Wu's process and that the process became known as the "chip scale packaging" ("CSP") process. Mr. Wu patented the process in the Republic of China (Taiwan) on February 18, 2004, and he later patented the process in the United States on February 17, 2005. The United States

Patent and Trademark Office issued U.S. Patent No. 7,749,038 to Hong-Yuan on July 6, 2010. Hong-Yuan later assigned the patent to HY-Tech.

Based on public statements made by Defendants, HY-Tech learned that Defendants incorporated CSP processing techniques into their manufacturing process, thereby infringing the '038 Patent. HY-Tech alleges that three products infringe the '038 Patent: (1) LUXEON Rebel LEDs, which are used by Mercedes-Benz in Vance, Alabama; (2) the LUXEON FlipChip Line; and (3) LEDs that are used in iPhones sold in Alabama. (*See* Doc. 2.) HY-Tech also alleges that, "[s]ince at least 2015," both Defendants have sold infringing products to Future Lighting Solutions in Huntsville, Alabama, and to Mercedes-Benz in Vance, Alabama. (*Id.* at 26–27.) HY-Tech hired an expert in materials science and engineering to test a CSP LED product allegedly made by Defendants. The expert found that the process used to make the tested product was consistent with at least Claims 1, and likely Claims 3 and 17, of HY-Tech's '038 Patent and was inconsistent with prior LED manufacturing processes.

Because Defendants lack the right to use or sell products in the United States that were produced using the process claimed in the '038 Patent, HY-Tech brought suit. HY-Tech filed its corrected complaint on February 5, 2019, asserting claims of patent infringement against both defendants. (*See* Doc. 2.) In response, each

defendant moves to dismiss for lack of personal jurisdiction and failure to state a claim.  (*See* Docs. 24 & 25.)

## II.  PERSONAL JURISDICTION

### A.  STANDARD

In a Rule 12(b)(2) motion to dismiss, the plaintiff generally "bears the burden of establishing a prima facie case of jurisdiction over the movant, non-resident defendant."  *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 810 (11th Cir. 2010) (quoting *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988)). "A *prima facie* case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict."  *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).  The court must treat facts alleged in the complaint as true if they are not controverted by affidavits submitted by the defendant.  *Id.*  However, if the defendant submits affidavits, the plaintiff must produce additional evidence supporting jurisdiction unless the defendants' affidavits are only conclusory.  *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006).  When the plaintiff's evidence conflicts with the defendant's evidence, the court must "construe all reasonable inferences in favor of the plaintiff."  *Id.*  Further, "where a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction," the *defendant* must then "present a compelling case

that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985); *Avocent Huntsville Corp. v. Aten Intern. Co., Ltd.*, 552 F.3d 1324, 1331 (Fed. Cir. 2008).

A federal district court "may exercise personal jurisdiction to the extent authorized by the law of the state in which it sits and to the extent allowed under the Constitution." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002); *see also Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). Personal jurisdiction is generally a two-step inquiry, as the court must consider whether exercising personal jurisdiction is consistent with both the forum state's long-arm statute and the Due Process Clause of the Fourteenth Amendment. *Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004). However, for federal courts in Alabama, "the two inquiries merge, because Alabama's long-arm statute permits the exercise of personal jurisdiction to the fullest extent constitutionally permissible." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007) (citing Ala. R. Civ. P. 4.2(b)); *see also Ex parte Edgetech I.G., Inc.*, 159 So. 3d 629, 633 (Ala. 2014). Thus, this Court need only consider the limits of the Due Process Clause. *Mut. Serv. Ins. Co.*, 358 F.3d at 1319.

To subject a nonresident defendant to personal jurisdiction, due process requires that the defendant "have certain minimum contacts with [the forum] such

that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). There are two types of personal jurisdiction—general jurisdiction and specific jurisdiction—but both are based on the defendant's contacts with the forum state. General jurisdiction exists over defendants "when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). The contacts must be so great that *any* suit in the forum state is justified, even on matters unrelated to the defendant's contacts with the forum state. *See Int'l Shoe Co.*, 326 U.S. at 318. Corporate defendants are subject to general jurisdiction at their place of incorporation and their principal place of business. *See Daimler*, 571 U.S. at 137. "'[A] corporation's operations in a forum other than its formal place of incorporation or principal place of business' will be 'so substantial and of such a nature as to render the corporation at home in that State' only in 'exceptional' cases." *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015) (quoting *Daimler*, 571 U.S. at 139 n.19).

By contrast, the inquiry whether a court may assert specific jurisdiction over a nonresident defendant focuses on "the relationship among the defendant, the

forum, and the litigation." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). For a court to exercise specific jurisdiction, the suit must "arise out of or relate to" the defendant's contacts with the forum state. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1786 (2017). Further, the defendant's contacts must create a "substantial connection" with the forum state. *Walden v. Fiore*, 571 U.S. 277, 284 (2014). Specific jurisdiction does not require a large volume of contacts with the forum state, as even a single purposeful contact can give rise to personal jurisdiction. *See McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957); *see also Licciardello v. Lovelady*, 544 F.3d 1280, 1285 (11th Cir. 2008) ("The Court has made clear . . . that '[s]o long as it creates a "substantial connection" with the forum, even a single act can support jurisdiction.'" (citing *Burger King*, 471 U.S. at 475 n.18)). The contacts with the forum state must be purposeful and created by the "defendant *himself*," not merely "between the plaintiff (or third parties) and the forum State." *Walden*, 571 U.S. at 284 (internal citation omitted). Related to purposefulness, the court must determine whether the defendant has a sufficient connection to the forum "such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (citations omitted).

Even when a nonresident defendant has sufficient contacts with the forum state, this Court must also consider whether the exercise of specific jurisdiction would "offend 'traditional notions of fair play and substantial justice.' " *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113 (1987) (quoting *Int'l Shoe Co.*, 326 U.S. at 316). This analysis requires weighing various factors: the burden placed upon the defendant, the interests of the forum state in deciding the dispute, the plaintiff's interest in litigating in that forum, the interests of the interstate judicial system in an efficient resolution of disputes, and the interests of fundamental social policies. *See World-Wide Volkswagen Corp.*, 444 U.S. at 292; *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1251 (11th Cir. 2000) (per curiam).

For patent infringement cases, the Federal Circuit has adopted general and specific personal jurisdiction standards that closely resemble the standards articulated by the Supreme Court. *See Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1200 (Fed. Cir. 2003) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)) (general jurisdiction requires continuous and systematic contacts); *Avocent Huntsville Corp.*, 552 F.3d at 1332 (specific jurisdiction requires that (1) defendant have minimum contacts with the forum, (2) the suit arises out of contacts with the forum, and (3) the exercise of jurisdiction is reasonable and fair). Regarding specific jurisdiction, the inquiry "is relatively easily discerned from

the nature and extent of the commercialization of the accused products or services by the defendant in the forum." *Avocent Huntsville Corp.*, 552 F.3d at 1332 (citing *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1360 (Fed. Cir. 1998)). "[T]he situs of the infringement is wherever an offending act is committed," whether that act be the making, using, offering to sell, or selling of any patented invention. *N. Am. Philips Corp. v. American Vending Sales, Inc.*, 35 F.3d 1576, 1579 (Fed. Cir. 1994). "[A] sale may occur at multiple locations, including the location of the buyer, for purposes of personal jurisdiction." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 831 F.3d 1369, 1377 (Fed. Cir. 2016) (citing *N. Am. Philips*, 35 F.3d at 1579).

## B. DISCUSSION

HY-Tech argues that Lumileds Malaysia and Lumileds Holding are subject to both general and specific jurisdiction in Alabama. In its corrected complaint (doc. 2), HY-Tech makes the same jurisdictional allegations against both Defendants; as such, HY-Tech collectively refers to Lumileds Malaysia and Lumileds Holding as "Defendants" or "Lumileds" in its discussion of personal jurisdiction. Therefore, this Court will treat the jurisdictional allegations made about "Lumileds" as applying to both Lumileds Malaysia and Lumileds Holding.

HY-Tech states in the corrected complaint that Lumileds Malaysia and Lumileds Holding sell "products, including the infringing products detailed in this

Complaint, in Alabama to and through automobile manufacturers such as Mercedes-Benz in Vance, Alabama, and lighting distributors such as Future Lighting Solutions in Huntsville, Alabama." (*Id.* at 3.) HY-Tech then alleges that Lumileds Malaysia and Lumileds Holding "transact[] business in the State of Alabama . . . by conducting at least a portion of the alleged infringement in Alabama, by regularly doing or soliciting business in Alabama, by maintaining continuous and systematic contacts in Alabama, by purposefully availing [themselves] of the privileges of doing business in Alabama, and by deriving substantial revenue from goods or services provided to individuals or entities located in Alabama, or some combination of the foregoing." (*Id.*) HY-Tech further alleges that, "[s]ince at least 2015," Lumileds Malaysia and Lumileds Holding have "import[ed] and [sold] the Lumileds CSP LEDs to manufacturers and distributors in the United States, such as Mercedes-Benz and Future Lighting Solutions." (*Id.* at 26–27.)

To rebut HY-Tech's allegations, Lumileds Malaysia and Lumileds Holding each submitted a declaration from Christine Rutherford ("Rutherford"). (*See* docs. 24-2 & 25-2.) Rutherford is an employee of Lumileds LLC, not Lumileds Malaysia or Lumileds Holding. (*See id.*) Regarding Lumileds Holding, Rutherford's declaration states that Lumileds Holding "is only a holding company, and does not engage in commercial sales activities anywhere in the world." (Doc. 25-2 at 2.) It

further states that Lumileds Holding "does not conduct any form of business in the United States . . . [n]or does it exercise any form of physical possession or control over any place of business in the United States." (*Id.*)

Regarding Lumileds Malaysia, Rutherford's declaration states that Lumileds Malaysia "has no physical place of business . . . in the United States. Nor does it exercise any form of physical possession or control over any place of business in the United States." (Doc. 24-2 at 2.) The declaration further states that, aside from sales to Lumileds LLC, Lumileds Malaysia "does not sell products to entities or individuals in [sic] that are located in the United States." (*Id.*) Finally, Lumileds Malaysia "has not shipped any products to Alabama, offered any products for sale in Alabama, or sold any products in Alabama." (*Id.* at 3.)

Rutherford did not explain the foundation for her knowledge of either Lumileds Malaysia's or Lumileds Holding's business operations, "apart from [her] role as an employee at non-party Lumileds LLC." (Doc. 32 at 26.) HY-Tech objected to the declarations, arguing that Rutherford lacks the personal knowledge to make "categorical claims" about Lumileds Malaysia's and Lumileds Holding's business operations. (*Id.*)

*a. General Jurisdiction*

This Court concludes that it lacks general personal jurisdiction over either Lumileds Malaysia or Lumileds Holding. Lumileds Malaysia and Lumileds Holding lack contacts with Alabama that are so continuous and systematic as to "render [them] essentially at home" in Alabama. *See Goodyear*, 564 U.S. at 919. Neither Lumileds Malaysia nor Lumileds Holding has its place of incorporation or its principal place of business in Alabama. *See Daimler*, 571 U.S. at 137. HY-Tech's conclusory allegation that Lumileds Malaysia and Lumileds Holding have continuous and systematic contacts with Alabama is not sufficient. HY-Tech pleads no additional facts suggesting that either Lumileds Malaysia or Lumileds Holding has such contacts that would render them "essentially at home" in Alabama, or contacts that are "so substantial" as to make this one of the "exceptional" cases where "a foreign corporation is 'at home' in a forum other than its place of incorporation or principal place of business," *Carmouche*, 789 F.3d at 1204 (citing *Daimler*, 571 U.S. at 139 n.19).

### b. *Specific Jurisdiction*

Though general jurisdiction is lacking, HY-Tech has alleged sufficient facts to create a *prima facie* case of specific jurisdiction as to both Lumileds Malaysia and Lumileds Holding. HY-Tech alleges that Lumileds Malaysia and Lumileds Holding sell infringing products "in Alabama to and through automobile manufacturers such

as Mercedes-Benz in Vance, Alabama and lighting distributors such as Future Lighting Solutions in Huntsville, Alabama," (doc. 2 at 3), and that "[s]ince at least 2015," Lumileds Malaysia and Lumileds Holding have "import[ed] and [sold] the [infringing product] Lumileds CSP LEDs to manufacturers and distributors in the United States, such as Mercedes-Benz and Future Lighting Solutions," (*id.* at 26–27). For purposes of personal jurisdiction, the sale itself may occur at the location of the buyer. *See Halo Elecs.*, 831 F.3d at 1377. Further, four years of sales to Alabama entities constitute a sufficient connection to Alabama such that Lumileds Malaysia and Lumileds Holding "should reasonably anticipate being haled into court [here]." *World-Wide Volkswagen Corp.*, 444 U.S. at 297. Thus, HY-Tech has sufficiently alleged that Lumileds Malaysia and Lumileds Holding purposefully directed their activities at residents of the forum. *See Avocent Huntsville Corp.*, 552 F.3d at 1332. Further, HY-Tech alleges that Lumileds Malaysia and Lumileds Holding's sales of CSP LEDs "infring[e], literally or under the doctrine of equivalents, at least Claims 1, 13, and 17" of HY-Tech's '038 Patent. (Doc. 2 at 28.) Therefore, HY-Tech's claim arises out of or relates to Lumileds Malaysia's and Lumileds Holding's activities in Alabama. *See Bristol-Myers Squibb*, 137 S. Ct. at 1786; *Avocent Huntsville Corp.*, 552 F.3d at 1332.

The question then becomes whether Lumileds Malaysia or Lumileds Holding adequately rebutted HY-Tech's *prima facie* showing of jurisdiction. The only evidence offered by either Lumileds Malaysia or Lumileds Holding in rebuttal are Rutherford's respective declarations. (*See* Docs. 24-2 & 25-2.) This Court is not convinced that Rutherford, an employee of non-party Lumileds LLC, has the requisite personal knowledge to make categorical statements about the business operations of Lumileds Malaysia or Lumileds Holding. Rutherford did not offer any foundation for her knowledge of Lumileds Holding's or Lumileds Malaysia's business operations "apart from [her] role as an employee at non-party Lumileds LLC." (Doc. 32 at 26.) For example, Rutherford states that Lumileds LLC is the only U.S. entity to whom Lumileds Malaysia sells its products. (*See* Doc. 24-2 ¶ 6.) But it is not clear from the declaration how a Lumileds LLC employee, even a high-ranking employee like Rutherford, would have personal knowledge of all of the U.S.-based customers of Lumileds Malaysia, a separate entity located in a different country. A buyer ordinarily does not have personal knowledge of all of its seller's customers. Rutherford's role as an employee of Lumileds LLC falls short of "evidence . . . sufficient to support a finding that [Rutherford] has personal knowledge of the matter." *See* Fed. R. Evid. 602. Neither Lumileds Malaysia nor Lumileds Holding offered an explanation as to why it did not submit a declaration

from one of its own employees, and neither responded to HY-Tech's argument that Rutherford lacks personal knowledge. Based on the evidence in the record, this Court concludes that Lumileds Malaysia and Lumileds Holding have failed to rebut HY-Tech's *prima facie* showing of jurisdiction.

Further, Lumileds Malaysia and Lumileds Holding have failed to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477. Neither Lumileds Malaysia nor Lumileds Holding argued that litigating in this Court would be a burden. By contrast, HY-Tech, an Alabama limited liability company, has an interest in "obtaining convenient and effective relief" by litigating this dispute in Alabama. *See id.* Further, Alabama itself has an interest in adjudicating this dispute, which involves an Alabama limited liability company's claims of patent infringement via sales to Alabama entities. *See id.*

For the reasons discussed above, Lumileds Malaysia and Lumileds Holding have failed to rebut HY-Tech's *prima facie* showing of specific jurisdiction. Thus, Lumileds Malaysia's and Lumileds Holding's respective motions to dismiss for lack of personal jurisdiction are due to be denied.

## III. FAILURE TO STATE A CLAIM

### A. STANDARD

In general, a pleading must present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To withstand a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Lord Abbett Mun. Income Fund, Inc. v. Tyson*, 671 F.3d 1203, 1207 (11th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The plaintiff need not put forth "detailed factual allegations" in support of the claim, but there must be enough to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

In evaluating the sufficiency of a complaint, this Court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Next, this Court "assume[s] the veracity" of well-pleaded, factual allegations to "determine whether they plausibly give rise to an entitlement to relief." *Id.* Only the complaint itself and any attachments thereto may be considered, even when the parties attempt to present additional evidence. *See Adinolfe v. United Techs. Corp.*, 768 F.3d 1161, 1168 (11th Cir. 2014); *see also* Fed. R. Civ. P. 12(d). Therefore, this Court did not consider any of the parties' evidentiary submissions in the following analysis.

The Federal Circuit generally reviews procedural issues according to the law of the district court's respective regional circuit. *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1359 (Fed. Cir. 2017). However, the Federal Circuit has clarified the *Iqbal* and *Twombly* pleading standard as it applies to patent infringement cases. A complaint's disclosures and allegations must "provide [a defendant] fair notice of infringement of the asserted patents." *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed Cir. 2018). A plaintiff must allege facts that support "a reasonable inference that all steps of the claimed method are performed" by the defendant. *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016).

## B.  DISCUSSION

HY-Tech alleges that Lumileds Malaysia and Lumileds Holding directly and indirectly infringe HY-Tech's '038 Patent. HY-Tech argues that Lumileds Malaysia and Lumileds Holding directly infringe the '038 Patent by violating 35 U.S.C. § 271(g). Subsection (g) reads in relevant part:

> Whoever without authority ***imports*** into the United States or ***offers to sell, sells, or uses*** within the United States ***a product which is made by a process patented in the United States*** shall be liable as an infringer, if the importation, offer to sell, sell, or use of the product occurs during the term of such process patent.

35 U.S.C. § 271(g) (emphasis added). HY-Tech also argues that Lumileds Malaysia and Lumileds Holding commit indirect infringement by inducement in violation of 35 U.S.C. § 271(b).

In its corrected complaint (doc. 2), HY-Tech makes the same allegations of infringement against both Defendants; as such, HY-Tech collectively refers to Lumileds Malaysia and Lumileds Holding as "Defendants" or "Lumileds." Therefore, this Court will treat the general allegations of patent infringement made about "Lumileds" as applying to both Lumileds Malaysia and Lumileds Holding.

HY-Tech alleges that both Lumileds Malaysia and Lumileds Holding "manufacture, distribute, market and sell in the United States" a product meeting all limitations of at least Claim 1, and likely Claims 3 and 17, of HY-Tech's '038 Patent. (Doc. 2 at 26–27.) HY-Tech attached the '038 Patent to the corrected complaint. Additionally, HY-Tech alleges that Defendants have made press statements claiming that they use CSP technology, which allegedly refers to HY-Tech's patented process.

Further, HY-Tech specifies customers to whom Defendants allegedly sell infringing products: Mercedes-Benz in Vance, Alabama, and Future Lighting Solutions in Huntsville, Alabama. HY-Tech also identified three specific products that allegedly infringe the '038 Patent: (1) LUXEON Rebel LEDs, which are used by

Mercedes-Benz in Vance, Alabama; (2) the LUXEON FlipChip Line; and (3) LEDs that are used in iPhones sold in Alabama. Thus, HY-Tech has sufficiently alleged that Defendants "sell [infringing products] within the United States" in violation of 35 U.S.C. § 271(b) such that HY-Tech is plausibly entitled to relief for patent infringement. *See Iqbal*, 556 U.S. at 678. Further, one of the products, LUXEON Rebel LEDs, is allegedly sold to Mercedes-Benz, who then installs the products in its day-time running lights used in Alabama-manufactured cars. HY-Tech's corrected complaint also contains a photograph of a Mercedes-Benz car "advertised as having LED daytime running lights [containing LUXEON Rebel LEDs] manufactured by [Defendants]." (*Id.* at 16.) As Defendants are both foreign business entities, these activities plausibly involve importation into the United States, another violation of 35 U.S.C. § 271(g).

As to whether Defendants' products employ the method outlined in the '038 Patent, HY-Tech had Dr. Gregory Thompson, a University of Alabama professor specializing in metallurgical and materials engineering, analyze a sample of Defendants' allegedly infringing product. Dr. Thompson's findings suggest that the allegedly infringing product is consistent with all steps in at least one claim of the '038 Patent (Claim 1) and inconsistent with prior LED production methods. HY-Tech's corrected complaint sets forth Dr. Thompson's analysis and conclusions—

including photographs—regarding how Defendants' products meet the steps of at least Claim 1 of the '038 Patent. Therefore, the allegations in HY-Tech's corrected complaint "provide [Defendants] fair notice of infringement of the asserted patents," *see Disc Disease*, 888 F.3d at 1260, and they support a reasonable inference that Defendants sell and/or import into the United States products meeting all steps in at least one claim of the process outlined in the '038 Patent, *see Lyda*, 838 F.3d at 1339 (Fed. Cir. 2016).

Defendants argue that HY-Tech's decision to refer to them collectively as "Defendants" or "Lumileds" in the corrected complaint means that neither defendant is on sufficient notice of patent infringement. This argument is without merit. HY-Tech's reference to collective "Defendants" or "Lumileds" puts both Defendants on the same notice as if HY-Tech had repeated the same allegations two times: once directed at Lumileds Holding and once directed at Lumileds Malaysia. The corrected complaint plausibly alleges patent infringement by both Lumileds Holding and Lumileds Malaysia, regardless of how either defendant is named.

Based on the factual allegations made by HY-Tech in its corrected complaint, which is all this Court may consider at the motion to dismiss stage, HY-Tech has stated a plausible claim of patent infringement against both Defendants. Therefore, Defendants' motions to dismiss for failure to state a claim are due to be denied.

## IV.  CONCLUSION

For the reasons stated above, Defendants' motions to dismiss (docs. 24 & 25) are hereby DENIED.  Further, Defendants' motion to stay discovery (doc. 37) is DENIED as MOOT.

**DONE** and **ORDERED** on September 27, 2019.

_____
L. Scott Coogler
United States District Judge

199335
